## J. S. TAYLOR v. THE STATE.

No. 7871.   Decided November 28, 1923.

**Carrying Pistol—Own Premises.**

Where, upon trial of unlawfully carrying a pistol, the evidence showed that defendant claimed and used the land at the time of carrying said pistol, and was therefore on his own premises at the time, the judgment must be reversed and the cause remanded.

Appeal from the County Court of Lubbock.   Tried below before the Honorable P. F. Brown.

Appeal from a conviction of unlawfully carrying a pistol; penalty, a fine of $100.

The opinion states the case.

*Percy Spencer,* for appellant.

*Tom Garrard* and *Grover C. Morris,* Assistants Attorney General, for the State.

HAWKINS, JUDGE.—Appellant was convicted for unlawfully carrying a pistol and his punishment fixed at a fine of one hundred dollars.

Appellant had rented, lived upon and cultivated the northwest quarter of a certain section of land.   He also had leased the northeast quarter of the same section for grazing purposes.   Prosecuting witness Newton lived upon the southwest quarter of the same section. A division fence ran through the section from east to west.   This fence had been there some twenty-five years before the transaction occurred out of which this prosecution grew.   A fence also ran north and south between the northwest quarter and the northeast quarter, separating appellant's cultivated land from the grazing land.   This latter fence extended to within about thirty feet of the old division fence running east and west.   Prior to the time appellant leased the northeast quarter prosecuting witness had used it for grazing purposes but had paid no rent therefor.   A former owner of the southwest quarter testified that, desiring to get a loan on it, he had a surveyor run the line separating the south part of the section from the north part; that the surveyor had .fixed the line about twelve feet north of the old fence.   There is no testimony that this line was correctly established, nor that the owners of the north portion of the section recognized it as the correct line.   Appellant was in possession of and had been using all the land leased by him down to the division fence.   Desiring to close the thirty foot gap in the fence sep-

arating the cultivated from the grazing land he had come to that point and had a party digging a post hole when prosecuting witness appeared upon the scene with a grubbing hoe handle and a fight ensued between them. Appellant drew his pistol. There was much testimony as to whether the fight took place north of the line fixed by the surveyor or on the twelve foot strip between it and the old fence. The undisputed evidence both from appellant and prosecuting witness shows that appellant claimed and used the land at all times down to the old division fence, and in our judgment it is immaterial as to the exact spot upon which the fight may have taken place. At all events it was north of the old fence and on property in appellant's possession. The evidence is insufficient to show that appellant had a pistol off his own premises. Article 476, P. C.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*